UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHELLE L. GENTRY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:04CV582 HEA |
| ) | |
| ALMATTRERESE INVESTMENTS,) | |
| L.L.C., d/b/a FELD TOYOTA, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants Almatterese Investments, LLC and Andrea Fenton's Daubert Motion to Exclude Testimony and Opinions of David A. Stivers, [#66]. Plaintiffs have responded to the motion. For the reasons set forth below, Defendants' motion is granted.

### **Facts and Background**

Plaintiffs' First Amended Complaint was brought against Defendants Feld and Capital One Auto Finance, Inc. for alleged violations of the Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq.*, and Regulation B, 12 C.F.R. § 202, the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, the Missouri Merchandising Practices Act, § 407.010, *et seq.*, and for common law conversion and common law fraud.

The factual background has been set forth in the Court's Order regarding

Defendants' Motion to Dismiss, and therefore, will not be repeated.

Defendants now move to exclude the testimony and opinions of David A. Stivers. Plaintiffs have retained Stivers to testify at trial as an expert in this case and offer his opinion as to the sales transaction and Plaintiffs' damages. Defendants claim Sivers' testimony does not meet the requirements of Rule 702 of the Federal Rules of Evidence, since his opinions are produced by methods not generally accepted in the automobile marketing industry and the credit evaluation industry.

## Standard for Admission of Expert Testimony

Rule 702 of the Federal Rules of Evidence provides the basis upon which expert testimony is admissible. Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Rule 702 places appropriate limits on the admissibility of purported scientific evidence by assigning the district court the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand. *Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579 (1993); see also, *Eckelkamp v. Beste*, 315

F.3d 863, 868 (8th Cir. 2002). The reliability standard is established by Rule 702's requirement that an expert's testimony be grounded in science's methods and procedures, while the relevance standard is established by the Rule's requirement that the testimony assist the trier of fact to understand the evidence or to determine a fact in issue. *Daubert*, 509 U.S. at 590-91. There must be a valid scientific connection to the pertinent inquiry as a precondition to admissibility. *Id.* at 591.

In *Daubert*, the Supreme Court emphasized the role of trial judges as gatekeepers to "ensure that any and all [expert] testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589.

> First, the trial court must make a "preliminary assessment of whether the reasoning is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id* at 592-93, 113 S.Ct. 2786. The Court cautioned that the trial court must focus "on [the] principles and methodology, not on the conclusions that they generate." *Id* at 591, 113 S.Ct. 2786. Second, the court must ensure that the proposed expert testimony is relevant and will serve to aid the trier of fact. *Id*, at 592, 113 S.Ct. 2786. Expert testimony assists the trier of fact when it provides information beyond the common knowledge of the trier of fact. *Id*. at 591, 113 S.Ct. 2786. The Court, in *Kumho Tire Co. v. Carmichael*, 562 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999), clarified that the district court's gatekeeper function applies to all expert testimony, not just testimony based in science. *Id*. at 147, 119 S.Ct. 1167.

*Kudabeck v. Kroger*, 338 F.3d 856, 860 (8th Cir. 2003).

Mindful of these requirements, the Court's analysis is tempered with Rule 702's

"attempt to liberalize the rules governing the admission of expert testimony." *Lauzon v. Senco* Products, 270 F.3d 681, 686 (8th Cir. 2001) (quoting *Weisgram v. Marley Co.*, 169 F.3d 514, 523 (8th Cir. 1999) aff'd, 528 U.S. 440 (2000)). See also, *Daubert*, 509 U.S. at 588. "The rule clearly 'is one of admissibility rather than exclusion.'" *Lauzon*, 270 F.3d at 686 (quoting *Arcoren v. United States*, 929 F.2d 1235, 1239 (8th Cir. 1991)).

### Defendants' Motion to Exclude Testimony of Stivers

In support of their case at trial, Plaintiffs intend to call David Stivers as an expert witness to testify to his findings and conclusions with regard to the vehicle sales transaction and Plaintiffs' damages, which have been reduced to writing in a report entitled, "Expert Report of Vehicle Transaction & Damage to Credit Rating/Reputation." Stivers' opinion is that Defendants employed deceptive and/or unlawful practices that will have an adverse impact on Plaintiffs' credit in the future. Stivers also opines that Defendants knew or should have known of the adverse credit consequences that would be suffered by Plaintiffs and that due to the dealership's experience with automobile transactions, it was reasonable for Plaintiffs to rely upon the representations made to them by Defendants during the sales transaction. Stivers bases his opinion on his review of the transaction documents Plaintiffs received related to the purchase of the car at the Feld dealership.

Defendants argue that Stivers' testimony does not meet the requirements of Rule 702, since his opinions are based on insufficient data and are the product of subjective beliefs and unsupported speculations rather than reliable principles and methods. Defendants further contend that because reliable principles were not used to evaluate the case, the witness did not reliably analyze the facts of the case. This Court agrees.

The Court finds Stivers' testimony to be unreliable; nowhere in his report does he set forth a foundation upon which he bases his opinion. While the Court has no doubt that Stivers is familiar with generally accepted lending practices, especially given his experience in the car lending industry, his familiarity is unexplained through reliable sources. Stivers fails to cite or refer to any ascertainable authority, and Plaintiffs have failed to show that Stivers' expertise is any greater than the lending knowledge which can be elicited through the cross-examination of Defendants.

Furthermore, Stivers' opinion with respect to damages is purely speculative. Stivers, in his experience, may have observed that certain information which appears on a consumer's credit report can adversely affect that person's ability to obtain credit, but the Court is not convinced that he can accurately calculate how and to what degree a consumer's credit will be damaged by any particular negative situation surrounding financing. It is additionally unclear how Stivers is thereafter able to calculate monetary damages purportedly suffered by the consumers themselves.

The expert report created by Stivers and any testimony based on his opinions and conclusions therein do not satisfy the requirements of Rule 702 and *Daubert*, and as such, they are inadmissible.

**IT IS HEREBY ORDERED** that Defendants Almatterese Investments, LLC and Andrea Fenton's Daubert Motion to Exclude Testimony and Opinions of David A. Stivers, [#66] is granted.

Dated this 13th day of June, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE